■ K ENTERPRISES, INC., Respondent, v. 184 SACKMAN REALTY CORP. et al., Appellants, et al., Defendants.— In a mortgage foreclosure action in which an order was made, on motion of defendant 184 Sackman Realty Corp., *inter alia* permitting said defendant to deposit with plaintiff's attorney $5,500 pending the court's determination of the amount owing to plaintiff, the appeal is from an order of the Supreme Court, Kings County, dated April 30, 1971, which directed that $4,517.11 be paid over to plaintiff and the balance, $982.89, be paid to said defendant and its attorney. Case remitted to the Special Term for formulation of findings of fact essential to its decision; and determination of appeal held in abeyance in the interim. Upon the making of appropriate findings and the filing of the record thereof in this court, the appeal will be restored to the calendar. An intelligent judicial review of the decision of the Special Term cannot be had in the absence of findings essential to the decision (CPLR 4213, subd. [b]; *Bua Bldg. Co.* v. *Rusch*, 33 A D 2d 559). Findings of fact as to certain questions must be made, including but not limited to the following: (1) Was there an oral agreement between defendants 184 Sackman Realty Corp. and Elizabeth Brown and the former owner of the mortgage to lower the interest rate to 3%; (2) if such an agreement did exist, what were the facts and circumstances surrounding the agreement; (3)

if such an agreement did exist, was plaintiff aware of the agreement before the mortgage was assigned to it; (4) did the assignment agreement between plaintiff and the former owner of the mortgage include the right of plaintiff to recover interest on the mortgage which was due and unpaid prior to the assignment; (5) what figures were used by the Special Term in arriving at the sum of $4,517.11 to be paid over to plaintiff; and (6) if legal fees were awarded to plaintiff's attorney by the Special Term, what was its basis for doing so. Hopkins, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.